# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MARK BRUNER**, *individually*,

Plaintiff,

v.                                                              NO.  1:22cv309TBM-RPM

**ROLLS-ROYCE MARINE NORTH AMERICA INC.**
*a Massachusetts corporation,*

Defendant.                                              **JURY DEMANDED**

## COMPLAINT

Named Plaintiff Mark Bruner ("Plaintiff") brings this action against his former employer, Defendant Rolls-Royce Marine North America Inc. ("Defendant") violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq, pursuant to 28 U.S.C. §§ 1331 and 1343(4). Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) regarding his claims herein. Plaintiff received his Notice of Right to Sue from the EEOC and has exhausted his administrative remedies through the EEOC. He has complied with 90-day filing requirements by this timely filing. A copy of Plaintiff's said 90-day "Right-to-Sue" notification is attached hereto as *Exhibit A*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business within this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Complaint occurred within this District

## PARTIES

3. Plaintiff is a resident of Harrison County, Mississippi and was employed by Defendant as hourly-paid production personnel employee.

4. Defendant is a Massachusetts corporation. Defendant may be served via its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

## FACTS

5. Plaintiff is a white man and was employed by Defendant since 2012 until his employment was terminated in March of 2022.

6. During the period of 2020 to early 2022 several black, females were hired as production personnel employees at Defendant's facility where Plaintiff worked.

7. However, some of Plaintiff's white co-workers were not happy with this decision.

8. These co-workers, including Kenny White, Chris Davis, and Chris Tinson were angry at this decision and began to create a hostile work environment for these black, female individuals.

9. They targeted them because of their sex. They would do thing such as assign them jobs they were not familiar with and then not give them instructions or help. They also urinated all over the women's bathroom in an effort to create a hostile work environment.

10. Plaintiff reported this conduct to his supervisors and objected to the hostile work environment created by these co-workers.

11. Plaintiff reported that he believed they were being treated differently as to their gender.

12. Plaintiff was told by one individual that "there are people here that do not believe that women belong in the machine shop."

13. Thereafter, on March 21, 2022 Plaintiff was terminated for a pretextual reason.

14. He was told that he made a mistake on his time report, but this was based on a misunderstanding, which Plaintiff explained and was ignored.

15. The real reason for Plaintiff's termination was to retaliate against me in violation for Title VII of the Civil Rights Act of 1964 for raising complaints and concerns about these co-workers were creating a hostile work environment for Plaintiff's female colleagues.

## CAUSES OF ACTION
*Violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*

16. Plaintiff incorporates the foregoing paragraphs as though specifically set forth herein.

17. Title VII prohibits employers from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge . . . under [Title VII]." 42 U.S.C. § 2000e-3(a).

18. Defendant's actions constitute unlawful retaliation in violation of Title VII.

19. As direct and proximate result of Defendant's retaliatory conduct, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

20. Plaintiff, as a result of Defendant's actions, has suffered damages to his career and reputation.

21. Defendants' retaliatory actions have been demeaning to Plaintiff and have caused him to suffer pain, humiliation, and embarrassment, as well as emotional distress.

22. Defendant's unlawful actions complained of herein were intentional, malicious, and taken with reckless disregard to the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor on this Complaint and:

    a. That Plaintiff be awarded back pay, lost benefits, and other pecuniary damages proximately caused by Defendant's unlawful conduct;

    b. That Plaintiff be awarded front pay and the value of future lost benefits since reinstatement is not feasible;

    c. That Plaintiff be awarded compensatory damages against Defendant in an amount to be determined by the jury;

    d. That Plaintiff be allowed to amend his Complaint to include ripe causes of action and new causes of action discovered during the course of this litigation relating to Plaintiff's former employment with Defendant;

    e. That Plaintiff be awarded punitive damages against Defendant in an amount to be determined by the jury;

    f. That Plaintiff be awarded all costs, disbursements, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.*,

    g. That Plaintiff be awarded pre- and post-judgment interest and court costs as further allowed by law;

    h. That Plaintiff be awarded additional general and equitable relief to which Plaintiff may be entitled; and,

    j. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: November 8, 2022.                    Respectfully Submitted,

                                                   */s/ Garner J. Wetzel*
James K. Wetzel, MB #7122
Garner J. Wetzel, MB #103596
Wetzel Law Firm
Post Office Box I
Gulfport, MS 39502
Tel: (228) 864-6400
Fax: (228) 863-1793
Email: jkwetzel@wetzellawfirm.com
gjwetzel@wetzellawfirm.com

               &&

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III (TN BPR #37004)*
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS***

*\*Pro Hac Vice admission anticipated*